FLNB LF 13-21 (Rev. 2/23)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA

In re:                                                                                    Case No. 24-40267
**Kristopher Michael Wilson**                                             Chapter 13

☑ Check if this is an AMENDED PLAN [1]

_____
Debtor(s)[1]

**FIRST AMENDED CHAPTER 13 PLAN**

## PART 1: NOTICES

*To Creditors:*     *Your rights may be affected by this plan.*

You should read this plan and other documents sent to you carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation prior to the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. **The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.** *Creditors who are not individuals (i.e.: corporations, LLC's, etc.) must have an attorney in order to have their objections considered by the Court.* **Creditors must file a timely proof of claim in order to be paid under any plan.**

*To debtor: You must check one box on each line to state if the plan includes the following items. If an item is checked as "Not included," or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included<br>☐ Not Included |
| --- | --- | --- |
| 1.2 | Debtor intends to avoid a judicial lien or security interest; see § 3.4. | ☐ Included<br>☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included<br>☐ Not Included |

## PART 2: PLAN PAYMENTS AND PLAN LENGTH

2.1 **Payments to the Trustee:** The future earnings or other future income of the debtor are submitted to the supervision and control of the trustee. The debtor (or the debtor's employer) shall pay to the trustee the sum of $**706.00** per month for **1** month (August 2024); the sum of $**0.00** for **1** month (September 2024 - *Motion to Abate pending*); the sum of $**915.00** per month for **57** months (October 2024 through June 2029); and the sum of $**1,621.00** for **1** month (July 2029 - *includes September 2024 payment per requested abatement*).

   **Total base of plan payments:** $**54,482.00**.

   **Payments shall be mailed to the Chapter 13 Trustee at:** Leigh A. Duncan, Chapter 13 Trustee, Lock Box 2238, Memphis, TN 38101-2238

   **Plan Length:** The term of the plan is **60** months.

2.2 **Tax Refunds:** Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term, **unless otherwise provided in Part 8**.

2.3 **Additional Payments** (check one):

   ☑ None

## PART 3: TREATMENT OF SECURED CLAIMS

Unless otherwise ordered by the Court, the claim amount(s), including the value of a secured claim, stated on a timely filed proof of claim will control over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

3.1 **Secured Debts Which Will Extend Beyond the Length of the Plan**

   ☑ None

---

[1] *All references to "debtor" shall include both debtors in a joint case.*

3.2  **Secured Debts Which Will Not Extend Beyond the Length of the Plan**

  (a)  **Secured Claims Subject to Valuation Under 11 U.S.C. § 506.**

   ☐ None

   ☑ Each of the following secured claims shall be paid through the plan as set forth below, until the secured value, as determined by the bankruptcy court, or the amount of the claim, whichever is less, has been paid in full.  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim.  The debtor must file a proper motion or notice if any secured claim is to be paid less than the amount shown on a timely filed proof of claim.

   Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Name | Proposed Total Amount of Secured Claim | Interest Rate (if specified) |
|---|---|---|
| Credit Acceptance (Proof of Claim No. 2 - 2015 Dodge Charger) | **$12,014.47 | 6.00% |

*\*\*Amount of Claim is based on total per face of filed Proof of Claim No. 2 ($19,676.86) less pre-petition default ($7,662.39) paid under Section 3.3.*

  (b)  **Secured Claims Not Subject to Valuation Under 11 U.S.C. § 506.**

   ☐ None

   ☑ Each of the following secured claims shall be paid through the plan as set forth below until the amount of the claim has been paid in full.

| Name | Amount of Secured Claim | Interest Rate (if specified) |
|---|---|---|
| 21st Mortgage Corporation (Proof of Claim No. 4) | $3,541.36  *Post-Petition payments for August and September 2024 ($1,770.68 x 2)* | 0.00% |

  (c)  **Determination of Secured Status and Strip Lien (11 U.S.C § 506).**

   ☑ None

3.3  **Prepetition Defaults**

   ☐ None

   ☑ Prepetition defaults owed to the following creditor(s) will be cured over the plan term, and payment of arrearages under this plan shall conclusively constitute payment of all pre-petition arrearages:

| Name | Amount of Default Cured | Interest Rate (if specified) |
|---|---|---|
| 21st Mortgage Corporation (Proof of Claim No. 4) | $18,364.85 | 0.00% |
| Credit Acceptance (Proof of Claim No. 2 - 2015 Dodge Charger) | $7,662.39 | 0.00% |

3.4  **Motions to Avoid Lien**

   ☑ None

3.5  **Direct Payments to Creditors:**

   ☐ None

   ☑ The debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|
| Department of Revenue - Child Support Enforcement | Ongoing Payments per Order | Per Order | N/A |
| 21st Mortgage Corporation (Proof of Claim No. 4 - *Debtor to make payments direct commencing in October 2024)* | **$165,533.96 | ***Contract Rate | Contract Rate |

*\*\*Amount of Claim is based on face of filed Proof of Claim ($183,898.81) less pre-petition default ($18,364.85) paid under Section 3.3.*
*\*\*\*Mortgage payments are subject to change in accordance with filed Notice(s) of Mortgage Payment Change.*

Upon entry of the Order Confirming Plan, the automatic stay shall be terminated as to the *in rem* rights of the creditors whose secured claims are being paid direct by the debtor in § 3.5, above.

3.6 **Property to be Surrendered**

☑ None

## PART 4: TREATMENT OF TRUSTEE'S FEES, ATTORNEYS' FEES AND OTHER PRIORITY CLAIMS, INCLUDING DOMESTIC SUPPORT OBLIGATIONS

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4(c), will be paid in full without post-petition interest.

4.1 **Trustee's Fee:** Trustee's fees are governed by statute and will be paid through the plan. Trustee's fees may change during the course of the case.

4.2 **Attorney's Fee** (unpaid portion): $__4,000.00__ (fees) $__500.00__ (costs) Pursuant to 11 U.S.C. § 521(f)(4)(B) and Standing Order(s) of this Court, the debtor shall file all required annual statements.  Debtor's attorney may seek additional fees for filing required annual statements; if the plan is modified due to an increase in income shown on an annual statement, the debtor's attorney may seek additional fees for the plan modification.  No advanced notice or opportunity to object to these fee applications will be given.

4.3 **Filing Fee** (unpaid portion): Any unpaid portion of the filing fee will be paid in accordance with the order granting the debtor's application to pay the filing fee in installments.

4.4 **Domestic Support Obligations**

☐ Debtor has no Domestic Support Obligations

☑ Debtor owes Domestic Support Obligations

(a) Debtor is required to pay all domestic support obligation(s) that become due after the filing of the petition directly to the holder of the claim.

(b) The non-governmental holder(s) of any domestic support obligation(s) and the proposed payment of their claims are listed below:

(c) The following domestic support obligations are assigned to, owed to, or recoverable by a governmental unit, and may be paid differently than domestic support obligations owed to private parties:

| Claimant | Amount of Claim | Payment |
|---|---|---|
| **Department of Revenue - Child Support Enforcement (Arrearage per Proof of Claim No. 7 and Amended Proof of Claim No. 8)** | **$30.83 (POC No. 7) $218.44 (Amended POC No. 8)** | **\*\*Arrearages to be paid by Trustee**  **\*\****Debtor will make ongoing payments direct via payroll deduction as provided under Section 3.5.* |

4.5 **Other Priority Claims**

☐ None

| Name | Amount of Claim | Interest Rate (if specified) |
|---|---|---|
| **Internal Revenue Service (IRS)** | **Unknown** | **0.00%** |

*\*IRS filed Proof of Claim No. 5 filed on August 1, 2024, referencing estimated taxes owed.  Debtor is in the process of filing his tax returns, and Plan will be amended to reflect amount owed upon filing of Amended Proof of Claim by IRS.*

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

5.1 **General Nonpriority Unsecured Claims**
Allowed nonpriority unsecured claims that are not separately classified in Part 5.2 will be paid, *pro rata*.  If more than one option is checked, the option providing the largest payment will be effective.
*Check all that apply*

☐ A total of $_____.
☐ _____% of the total amount of these claims, an estimated payment of $_____.
☑ Funds remaining after disbursements have been made to all other creditors provided for in this plan. Allowed nonpriority unsecured claims shall be paid interest to the extent available, not to exceed 6%, unless otherwise provided in Part 8.

5.2 **Separately Classified Nonpriority Unsecured Claims**

☑ None. *If "None" is checked, the rest of Part 5.2 need not be completed or reproduced.*

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The executory contracts and unexpired leases listed below are assumed. All other executory contracts and unexpired leases are rejected. Check one.

☑ None. *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

## PART 7: STANDARD PLAN PROVISIONS

7.1 Title to the debtor's property shall re-vest in debtor on confirmation of a plan or dismissal of the case, unless otherwise provided in Part 8, provided that proceeds from any potential or pending cause of action or other asset not yet liquidated, are property of the Estate and must be paid to the Chapter 13 Trustee pending further order of the Court.

7.2 Except as provided above, allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

7.3 Secured creditors and lessors to be paid directly by the debtor and/or co-debtors may continue to mail to debtor the customary monthly notices or coupons notwithstanding the automatic stay.

## PART 8: NONSTANDARD PLAN PROVISIONS

☐ None

☑ Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box labeled "Included" in Part 1.3.*

**Tax refunds are dedicated over the 36 month applicable commitment period to the extent attributable to the Debtor's income.**

**ABATEMENT OF PLAN PAYMENT PROCEDURES WHERE PLAN PAYMENT IS ULTIMATELY RETURNED TO THE ESTATE BY DEBTOR.**
**During the plan and with notice only to the Ch 13 Trustee, the debtor may file an Election to Abate Plan Payment in a maximum of 3 plan payments in a 36-month case or 7 payments in a 60-month case. The election can only be used for payment of necessary expenses or loss of job, & must state in the Election the method to replace the estate funds, unless the Election states that the case is and will remain a 100% repayment plan notwithstanding any abatements. Debtor's Election may not be used to abate more than 2 consecutive payments at 1 time, and does not prohibit Debtor from filing and noticing to all creditors a Motion to Abate plan payments that do not meet the criteria of this plan provision. The Election CANNOT be used in any case in which the Trustee is paying the regular mortgage payment through the Plan unless the abatement is only for a portion of the plan payment which will still allow payment of the mortgage payment and trustee's fee. Trustee is authorized to adjust Debtor's pay schedules as set forth in the Election upon filing of the Election.**

## PART 9: SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY

If the debtor does not have an attorney, the debtor must sign below; otherwise, the debtor's signature is optional. The attorney for the debtor, if any, must sign below.

X  **/s/ Kristopher Michael Wilson**                             X  _____
**Kristopher Michael Wilson**                                          Signature of Debtor 2
Signature of Debtor 1

| | |
|---|---|
| **/s/ Samantha Kelley** | Date **September 23, 2024** |

Signature of Attorney for Debtor
**Attorney Name: Samantha Kelley**
**Bar Number: 00115526 FL**
**Address: 2868 Remington Green Circle, Suite B**
**Tallahassee, FL 32308**
**Telephone No.: (850) 385-0342**
**Email Address: skelley@brunerwright.com**

By filing this document, the debtor, if not represented by an attorney, or the attorney for the debtor, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Official Form adopted by this Court effective on the date of signing, other than any nonstandard provisions included in Part 8. (www.flnb.uscourts.gov/sites/default/files/forms/lf13_21.pdf)